Rider v. United States Of America et al                                                                    Doc. 2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 9 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE G. RIDER, )<br>    Petitioner, ) | Civil Action No. 7:06CV00354 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | By: Hon. Glen E. Conrad |
|     Respondents. ) | United States District Judge |

The petitioner, George G. Rider, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Rider has failed to demonstrate entitlement to relief under § 2241. Accordingly, Rider's petition must be dismissed.

Rider is currently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. In his present petition, Rider contends that his sentence is invalid because the sentencing court did not have the authority to impose a five-year term of supervised release in addition to a term of imprisonment. Rider also contends that his sentence is unconstitutional in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

An inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is

deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Rider's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Rider has not pointed to any change in the substantive law associated with his conviction, or otherwise shown that the conduct for which he is currently incarcerated no longer constitutes a criminal offense. Accordingly, Rider's § 2241 petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This ___ day of June, 2006.

_____
United States District Judge